IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR608-036
)
DONALD DICKERSON, )
)
Defendant. )
)

### ORDER

Before the Court is Defendant Donald Dickerson's Motion to Contact Jury. (Doc. 27.) Defendant Dickerson has been indicted for perjury with respect to a sworn statement about his prior criminal trial.[1] (Doc. 1.) In this Motion, Defendant seeks permission to interview jurors from his prior criminal trial, pursuant to Southern District of Georgia Local Rule 83.8.[2] After careful consideration, the Court sees no reason to allow the interviews.[3] Therefore, the Motion is **DENIED**.

SO ORDERED this 10th day of August, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Specifically, Defendant allegedly filed a sworn affidavit with this Court stating that he was not present for jury selection at his criminal trial on February 6, 2006. (Doc. 1.)
[2] There is no unfettered right to conduct post-trial interviews of jurors. See United States v. Hooshmand, 931 F.2d 725, 737 (11th Cir. 1991) (upholding as constitutional a local rule requiring the district court's permission for post-trial interviews of jurors).
[3] Defendant may call the jurors as witnesses in this case, but the Court sees no purpose in allowing out-of-Court interviews of the same. Among other reasons, the record is clear on what these jurors will say about Defendant's presence. Furthermore, this is not a case where the jurors need to be interviewed to determine whether there was improper influence or juror misconduct. See Hooshmand, 931 F.2d at 737.